THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTRALITTA TOWNSLEY,<br><br>Plaintiff,<br><br>v.<br><br>SNC-LAVALIN CONSTRUCTORS, INC., et al.,<br><br>Defendants. | CASE NO. C15-1228-JCC<br><br>ORDER GRANTING DEFENDANT SLCI'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant SNC-Lavalin Constructors Inc.'s Motion to Dismiss (Dkt. No. 22), Plaintiff's Responsive Motion for Summary Judgment (Dkt. No. 32), and Defendant SLCI's Reply (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to dismiss for the reasons explained herein.

I.   BACKGROUND

Plaintiff proceeds *pro se* and brings the above-captioned matter alleging that she was wrongfully denied long-term disability benefits pursuant to her employment with Defendant SNC-Lavalin Constructors, Inc. ("SLCI"). (Dkt. No. 6 at 2–6.) Plaintiff alleges that she was involved in three car accidents and, when she made a claim for disability benefits, that she was not only denied her long-term disability ("LTD") but also that Defendants performed surveillance on her. (*Id.* at 2, 7–8.) Plaintiff's claim for short-term disability benefits was

ORDER GRANTING DEFENDANT SLCI'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 1

1 apparently approved. (*See* Dkt. No. 6, Dkt. No. 22 at 1.) In addition to naming SLCI as a Defendant, Plaintiff asserts claims against Lifewise Assurance Company and Metlife. (Dkt. No. 6 at 1.) The Complaint raises causes of action under 29 U.S.C. § 1132(a)(1)(B), "Section 502(a), Section 104(b), and WAC 284-30-330," as well as under the tort theories of intentional distress, harassment, and intimidation. (Dkt. No. 6 at 2.)

Defendant MetLife was dismissed on December 4, 2015. (Dkt. No. 28.) Here, Defendant SLCI moves the Court to dismiss Plaintiff's complaint against it under Fed. R. Civ. P. 12(b)(6). The Complaint also mentions Rev. Code Wash. §§ 9A.36.080(1)(2)(b), 9.73.050, 9.73.060, and 49.60.180(3). (Dkt. No. 6 at 2–3, 7–8.)

## II.   DISCUSSION

### A.   Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is appropriately granted where a plaintiff can prove no set of facts in support of his or her claim warranting relief. *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). For the complaint to survive a motion to dismiss, the plaintiff must marshal factual allegations sufficient to create a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility requires the party seeking relief to have pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, the Court disregards allegations that amount only to "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The Court treats the factual allegations of the Plaintiffs as true and views them in the light most favorable to Plaintiffs. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 989 (9th Cir. 1986).

### B.   Plaintiff Fails to State a Claim Warranting Relief

Upon review of Plaintiff's Complaint, the Court concludes that dismissal under Fed. R.

Civ. P. 12(b)(6) is appropriate over all of her state and federal claims against Defendant SLCI.

**1.     State Law Claims**

Plaintiff raises claims under Rev. Code Wash. §§ 9A.36.080(1)(2)(b), 9.73.050, 9.73.060, and 49.60.180(3), as well as WAC 284-30-330 and the torts of harassment, "intimidation, "and "intentional distress." (Dkt. No. 6 at 2–3, 7–8.)

To raise a claim under Rev. Code Wash. § 9A.36.080 requires physical injury, physical damage to property, or a threat that results in a reasonable fear of physical injury or property damage. Plaintiff has not alleged that Defendant SCLI caused, or threatened to cause, such harm.

Rev. Code Wash. §§ 9.73.050 and 9.73.060 both relate to the Washington privacy act. § 9.73.050 prohibits the use of evidence obtained in violation of the privacy act. § 9.73.060 provides a cause of action for damages where the privacy act is violated. The privacy act is primarily concerned with opening sealed letters and recording conversations without authorization from all parties involved. *See* Rev. Code Wash. §§ 9.73.020 and 9.73.030. As the Complaint contains no allegations of unauthorized recording, and neither Rev. Code Wash. §§ 9.73.050 or 9.73.060 are implicated, Plaintiff has not pled sufficient facts to state a claim under this theory.[1]

The Washington Law Against Discrimination ("WLAD"), Rev. Code Wash. § 49.60.180, prohibits employment discrimination for members of various protected classes. Plaintiff's allegations, however, do not pertain to employment but to events that she alleges occurred after her term of employment. Accordingly, her Complaint fails to state a claim under the WLAD.

Wash. Admin. Code 284-30-330 pertains to unfair or deceptive claims practices by insurers. Defendant SLCI is not an insurer and so a claim under WAC 284-30-330 cannot be stated against it. *See Hepler v. CBS, Inc.*, 39 Wn. App. 838, 846 n.2.

Plaintiff's claim regarding "harassment" by SCLI is only supported by a factual claim

---

[1] Moreover, Rev. Code Wash. § 9.73.050 does not create a cause of action.

ORDER GRANTING DEFENDANT SLCI'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 3

that she recognized vehicles owned by Defendant SCLI as "harassment vehicles." (Dkt. No. 6 at 4–5.) The Court does not find this single allegation to create facial plausibility with respect to a harassment claim.

Moreover, Plaintiff's tort claims for intentional distress, harassment, and intimidation are time-barred. Plaintiff indicates that she became aware of the relevant facts in 2011. (Dkt. No. 6 at 4.) Such personal injury torts are subject to a three-year statute of limitations. Rev. Code Wash. § 4.16.080(2).

Finally, Plaintiff's state law claims are preempted by the broad preemption clause in 29 U.S.C. § 1144. *PM Grp. Life Ins. Co. v. W. Growers Assur. Trust*, 953 F.2d 543, 545 (9th Cir. 1992) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress.").

**2.      Plaintiff's ERISA Claims**

It is well established that the proper parties against whom an ERISA action under 29 U.S.C. § 1132(a)(1)(B) may be brought are the plan itself and the fiduciary of the plan. *Spindex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297–98 (9th Cir. 2014). "A fiduciary is any entity that exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... [or] has any discretionary authority or discretionary responsibility in the administration of such plan." *Id.* at 1298.

In this case, LifeWise, not SLCI, was the entity charged with the discretionary authority to determine eligibility for benefits. (Dkt. No. 6-1 at 33.)[2] Accordingly, Defendant SLCI is not a proper party under 29 U.S.C. § 1132(a)(1)(B).

---

[2] When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a district court may not typically consider evidence outside the pleadings without converting the motion into a Rule 56 motion for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, documents that are "incorporated by reference" in the complaint or facts for which judicial notice are taken may be considered without conversion into a Rule 56 motion. *Id.* (citing *Van Buskirk v. CNN*, 284 F.2d 977, 908 (9th Cir. 2002)).

ORDER GRANTING DEFENDANT SLCI'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 4

Finally, regardless of whether a two or three-year statute of limitations applies, Plaintiff's claim under Section 502(c), 29 U.S.C. § 1132(c) is untimely. Where, as here, a federal statute does not provide a limitations period, courts are to look to state law for the most analogous limitations period. *Stone v. Travelers Corp.*, 58 F.2d 434, 438 (9th Cir. 1995). Washington has not yet determined its analogous limitations period for a claim arising under Section 1132(c). Ohio employs a one-year statute of limitations, *see Kumar v. Higgins*, 91 F. Supp. 2d 1119, 1124 (N.D. Ohio 2000), while Texas applies a two-year limitations period, *see Hatteberg v. Red Adair Co. Emps.' Profit Sharing Plan & Related Trust*, 79 Fed. App'x 709, 715 (5th Cir. 2003). It would be feasible to apply a three-year statute of limitations as in a breach of fiduciary duty case, *see Hudson v. Condon*, 101 Wash. App. 866, 972–73 (Wash. Ct. App. 2000), but the Revised Code of Washington also provides for a "catch-all" period of two years. Rev. Code Wash. § 4.16.130. Under even the more generous limitations period, however, Plaintiff is time-barred. Her request for document was made to Defendant SCLI on March 23, 2011. SCLI responded the next day. Plaintiff filed this lawsuit over four years later, on August 4, 2015. (Dkt. No. 1.)

The statute of limitations notwithstanding, upon review of the exhibits incorporated into Plaintiff's Complaint, the Court concludes that Defendant SCLI fully complied with its obligations under ERISA when it provided Plaintiff with a copy of her plan description when requested, and informed her that "[SCLI] isn't involved in your disability claim," and "we don't have a file for you." (Dkt. No. 6-1 at 19.) Plaintiff was then referred to LifeWise as the appropriate party. (*Id.*)

C.     **Plaintiff's "Motion for Summary Judgment"**

Plaintiff designates her response to SCLI's motion to dismiss both as a responsive brief and as a motion for summary judgment. (Dkt. No. 32.)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such

a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Plaintiff's "motion" does not establish that she is entitled to judgment as a matter of law. Nor does it rebut SCLI's motion with legal authority.

### III.  CONCLUSION

In summary, each of the claims raised against Defendant SCLI in Plaintiff's Complaint are properly dismissed under Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 22) is GRANTED. Additionally, Plaintiff's responsive "Motion for Summary Judgment" (Dkt. No. 32) is DENIED.

//
//
//
//
//
//
//
//

1    DATED this 29th day of February 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT SLCI'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT
PAGE - 7