THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTRALITTA TOWNSLEY,

Plaintiff,

v.

LIFEWISE ASSURANCE CO.,

Defendant.

CASE NO. C15-1228-JCC

ORDER GRANTING DEFENDANT LIFEWISE'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant LifeWise Assurance Co.'s Motion for Summary Judgment (Dkt. No. 36), Defendant's Reply in Support (Dkt. No. 39), and Plaintiff's Motion for Reconsideration (Dkt. No. 41) of the Court's previous Order dismissing her claims against SNC-Lavalin Constructors, Inc. (Dkt. No. 40).

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiff's motion and GRANTS Defendant LifeWise's motion for the reasons explained herein.

**I. BACKGROUND**

Plaintiff proceeds *pro se* and brings the above-captioned matter alleging that she was wrongfully denied long-term disability benefits pursuant to her employment with Defendant SNC-Lavalin Constructors, Inc. ("SLCI"). (Dkt. No. 6 at 2–6.) While employed with SLCI, Plaintiff became a participant in a group long-term disability plan. (Dkt. No. 38-1.) SLCI was the

plan administrator. (Dkt. No. 38-1 at 42.) Under the terms of the plan, LifeWise—the claims administrator—had the ability to request Proof of Loss when a claimant reports a disability. (*Id.* at 37–38.) The plan provides for a contractual limitations period for bringing suit of three years after the date that Written Proof of Loss is required. (*Id.* at 41.) Upon a request for Written Proof of Loss, the claimant must respond within thirty days. (*Id.*)

Plaintiff was involved in multiple car accidents and made a claim for disability benefits. (Dkt. No. 6.) Plaintiff alleges that, upon applying for benefits, Defendants performed surveillance on her and ultimately wrongfully denied her claim. (*Id.* at 2, 7–8.) Upon receiving notice of Plaintiff's car accident, LifeWise approved Plaintiff's initial request for long-term disability benefits, effective June 10, 2010, via a letter dated July 13, 2010. (Dkt. No. 38-3 at 2.) In the letter approving benefits, LifeWise informed Plaintiff that it would periodically reevaluate her disability, including when the definition of disability was to change from pertaining to Plaintiff's ability to perform her "own occupation" to "any occupation," under the terms of the plan, after two years. (*Id.* at 3.)

On December 14, 2011, LifeWise notified Plaintiff, through counsel, that it would review whether she was eligible for continued benefits after June 10, 2012. (Dkt. No. 38-3 at 7–8.) Having not received the information sought in its first letter, LifeWise sent two follow-up letters requesting documentation in order to complete its review on January 5 and January 31, 2012. (*Id.* at 10, 12–13.) Plaintiff had until February 21, 2012 to supply the necessary documentation. (*Id.* at 12.) Plaintiff did not provide the documentation necessary to demonstrate her continued eligibility for disability benefits. (*Id.* at 15.)

On February 23, 2012, Plaintiff was notified that her long term disability benefits were being terminated based on failure to provide LifeWise with ongoing Proof of Loss. (Dkt. No. 38-3 at 15–17.) Plaintiff appealed the decision and her appeal was denied on August 13, 2012. (*Id.* at 19–24.) The August 13, 2012 decision, upon appeal, to uphold its initial determination represented LifeWise's final decision. (*Id.* at 24.)

On August 4, 2015, Plaintiff filed her original complaint, which was dismissed without prejudice as frivolous. (Dkt. No. 5.) Upon Plaintiff's filing an amended complaint on August 31, 2015, the Court reopened the case. (Dkt. Nos. 6 and 7.) Plaintiff seems to allege that, due to the nature of surveillance performed on her after filing her claim for disability benefits, she was unable to provide Defendants with proper documentation and was, accordingly, wrongfully denied her benefits. (Dkt. No. 6.) Plaintiff brought claims against Defendant LifeWise Assurance Company, SNC-Lavalin Constructors, Inc., and Metlife. (Dkt. No. 6 at 1.) The Complaint raises causes of action under 29 U.S.C. § 1132(a)(1)(B), "Section 502(a), Section 104(b), and WAC 284-30-330," as well as under the tort theories of intentional distress, harassment, and intimidation. (Dkt. No. 6 at 2.)

Defendant MetLife was voluntarily dismissed on December 4, 2015. (Dkt. No. 28.) On February 29, 2016, the Court granted Defendant SNC-Lavalin's motion to dismiss and denied a document labeled as a motion for summary judgment brought by Plaintiff. (Dkt. No. 40.) The sole remaining Defendant, LifeWise, now moves for summary judgment. (Dkt. No. 36.)

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

First, Plaintiff moves the Court to reconsider its order dismissing Defendant SNC-Lavalin. (Dkt. No. 41.) "Motions for reconsideration are disfavored." Local Civ. Rule W.D. Wash. 7(h). Absent a showing of "manifest error" or "new facts or legal authority," the Court will ordinarily deny such motions. *Id.* Plaintiff's motion reiterates the main points of her case and renews her request for an entry of summary judgment in her favor. (Dkt. No. 41 at 2.) In fact, Plaintiff's very own assertion in her motion, "I do not pose to bring up any new points in this claim," illustrates that denial of her motion is appropriate. As she has not demonstrated manifest error, new facts, or new legal authority, Plaintiff's motion for reconsideration (Dkt. No. 41) is DENIED.

### B. LifeWise's Motion for Summary Judgment

LifeWise moves for summary judgment over all of Plaintiff's state and federal claims. (Dkt. No. 36.) Plaintiff did not respond to the motion. (*See* Dkt. No. 39.) LifeWise argues, much like SCLI did on its motion to dismiss, that Plaintiff's state claims are time-barred and preempted. (*See* Dkt. No. 36 at 4–8; Dkt. No. 40.) LifeWise further argues that Plaintiff's ERISA claim is time-barred, and in the alternative, that LifeWise is not the Plan Administrator and so not the appropriate party for her claims. (Dkt. No. 36 at 8–13.)

**1. Standard of Review**

A court may enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**2. State Law Claims**

Plaintiff raises claims under Rev. Code Wash. §§ 9A.36.080(1)(2)(b), 9.73.050, 9.73.060, 48.18.489, and 49.60.180(3), as well as WAC 284-30-330 and the torts of harassment, "intimidation, "and "intentional distress." (Dkt. No. 6 at 2–3, 7–8.) Wash. Admin. Code 284-30-330 pertains to unfair or deceptive claims practices by insurers. In pleading her claim under WAC 284-30-330, Plaintiff also appears to raise a claim under Rev. Code. Wash. § 48.18.480.

(Dkt. No. 6 at 7.)

**a. Barred by the Statute of Limitations**

As an initial matter, Plaintiff's state law claims are time-barred. At most, each state claim is subject to a three-year statute of limitations. Under Washington law, claims for civil torts alleging injury to person or property, including harassment, are subject to a three-year statute of limitations. Rev. Code. Wash. § 4.16.080(2); *see also Henningsen v. Worldcom, Inc.*, 102 Wash. App. 828, 844 (Wash. Ct. App. 2000). Intentional infliction of emotional distress is subject to, at most, a three-year limitations period. *Zieglerv. Ziegler*, 28 F. Supp. 2d 601, 617 (E.D. Wash. 1998). Actions alleging discrimination under Rev. Code. Wash. § 49.60.180 are subject to a three-year statute of limitations. *Douchette v. Bethel School Dist. No. 403*, 117 Wash.2d 805, 809 (Wash. 1991).

LifeWise rendered its final decision with respect to Plaintiff's disability claim on August 13, 2012. Plaintiff's Complaint was filed on August 31, 2015, after the applicable three-years limitations period had run. The statute of limitations was not tolled by Plaintiff's filing her first complaint as it was dismissed without prejudice. *Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) ("once a suit is dismissed, even if without prejudice, "the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.").

**b. Preemption**

In addition to being time-barred, Plaintiff's state insurance-related claims are preempted by the broad preemption clause in 29 U.S.C. § 1144. *PM Grp. Life Ins. Co. v. W. Growers Assur. Trust*, 953 F.2d 543, 545 (9th Cir. 1992) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress.").

**c. Failure to State a Claim or Raise a Genuine Dispute of Material Fact**

Moreover, Plaintiff has not pled sufficient facts to assert claims under many of the causes of action alleged in her complaint, let alone established that a genuine dispute of material fact

exists.

First, for example, recovery under Rev. Code Wash. § 9A.36.080 requires proof of physical injury, physical damage to property, or a threat that results in a reasonable fear of physical injury or property damage. Plaintiff alleges that Defendants performed surveillance on her and that her P.O. Box was broken into. (Dkt. No. 6 at 3, 6.) While these allegations could certainly give rise to a claim under Rev. Code Wash. § 9A.36.080, no evidence has been offered connecting those allegations to Defendant LifeWise that would enable a reasonable juror to return a verdict for Plaintiff.

Rev. Code Wash. §§ 9.73.050 and 9.73.060 both relate to the Washington privacy act. § 9.73.050 prohibits the use of evidence obtained in violation of the privacy act. § 9.73.060 provides a cause of action for damages where the privacy act is violated. The privacy act is primarily concerned with opening sealed letters and recording conversations without authorization from all parties involved. *See* Rev. Code Wash. §§ 9.73.020 and 9.73.030. As the Complaint contains no allegations of unauthorized recording, and neither Rev. Code Wash. §§ 9.73.050 or 9.73.060 are implicated, Plaintiff has not pled sufficient facts to state a claim under this theory, let alone established a genuine dispute of material fact with respect to recovery.[1]

The Washington Law Against Discrimination ("WLAD"), Rev. Code Wash. § 49.60.180, prohibits employment discrimination for members of various protected classes. Plaintiff's allegations, however, do not pertain to employment but to events that she alleges occurred after her term of employment. Moreover, Defendant LifeWise was not Plaintiff's employer. Accordingly, as Plaintiff has not come forward with specific facts indicating that there exists a genuine issue for trial, Defendant LifeWise is entitled to judgment as a matter of law.

Plaintiff's claim regarding "harassment" is supported by a factual claim that she

[1] Moreover, Rev. Code Wash. § 9.73.050 does not create a cause of action.

recognized vehicles owned by Defendant SCLI as "harassment vehicles." (Dkt. No. 6 at 4–5.) This single factual allegation does not create a genuine dispute of material fact, particularly not with respect to Defendant LifeWise.

Summary judgment is appropriate with respect to Plaintiff's state law claims against remaining Defendant LifeWise.

**3. ERISA Claim**

**a. Time-Barred**

Plaintiff's claim under Section 502(c), 29 U.S.C. § 1132(c) is untimely. Where, as here, a federal statute does not provide a limitations period, courts are to look to state law for the most analogous limitations period. *Stone v. Travelers Corp.*, 58 F.2d 434, 438 (9th Cir. 1995). Washington has not yet determined its analogous limitations period for a claim arising under Section 1132(c). Ohio employs a one-year statute of limitations, *see Kumar v. Higgins*, 91 F. Supp. 2d 1119, 1124 (N.D. Ohio 2000), while Texas applies a two-year limitations period, *see Hatteberg v. Red Adair Co. Emps.' Profit Sharing Plan & Related Trust*, 79 Fed. App'x 709, 715 (5th Cir. 2003). It would be feasible to apply a three-year statute of limitations as in a breach of fiduciary duty case, *see Hudson v. Condon*, 101 Wash. App. 866, 972–73 (Wash. Ct. App. 2000), but the Revised Code of Washington also provides for a "catch-all" period of two years. Rev. Code Wash. § 4.16.130.

While Washington employs a six-year limitations period for contract actions, this is trumped by any contractual limitation period set forth in an ERISA plan participant's policy. *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015) ("[T]he rule that contractual provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA welfare benefits plan . . ."). "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013). The contractual period in Plaintiff's plan was

three years. (Dkt. No. 38-1 at 41.) The Supreme Court has held that a three-year contractual limitations period for an ERISA claim was not unreasonably short. *Id.* at 612.

Under the terms of the plan, Plaintiff had three years after the date that Written Proof of Loss was required to be given. (Dkt. No. 38-1 at 41.) LifeWise requested such Proof of Loss on December 14, 2011, and in subsequent letters made clear that it was due no later than February 21, 2012. (Dkt. No. 38-3 at 7–12.) At the latest, then, the contractual period of limitations began to run on March 22, 2012 (30 days after the February 21 deadline). The limitations period ran out on March 23, 2015.[2] Plaintiff's first complaint was filed August 4, 2015. In summary, Plaintiff's ERISA claim is time-barred.

**b. LifeWise was Not the Appropriate Party**

Finally, summary judgment is appropriate with respect to Plaintiff's claims against LifeWise as ERISA penalties may only be assessed against the plan administrator. 29 U.S.C. § 1132(c)(1); *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008) (Finding that a third-party claims administrator, like LifeWise, "can't be liable under section 1132(c)(1)."). The plan clearly states, "LifeWise Assurance Company is not the ERISA plan administrator." (Dkt. No. 38-1 at 42.)

In conclusion, Plaintiff's ERISA claim is time-barred and, even it if were timely, unable to be brought against LifeWise. Accordingly, summary judgment in LifeWise's favor over this claim is appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. No. 41) is DENIED and Defendant LifeWise Assurance Co.'s Motion for Summary Judgment (Dkt. No. 36) is GRANTED. Plaintiff's claims against LifeWise are hereby dismissed with prejudice and the Clerk is directed to close this case.

[2] March 21, 2015 was a Saturday.

DATED this 8th day of April 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE